UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
MOISES TEJADA,

                        Petitioner,
                                                **OPINION & ORDER**
                                                **CV-05-2961**

-against-

SUFFOLK COUNTY,

                        Respondent.
------------------------------------------------------X
FEUERSTEIN, J.

On November 8, 1999, a judgment of conviction was entered against petitioner Moises Tejada (petitioner) in the Supreme Court of the State of New York, Suffolk County (Copertino, J.), upon a jury verdict finding him guilty of kidnapping in the first degree (N.Y. Penal Law §135.25) and robbery in the first degree (N.Y. Penal Law §160.15) and imposition of sentence to an indeterminate term of imprisonment of twenty years to life on the kidnapping conviction, and a concurrent and determinate term of imprisonment of twenty years on the robbery conviction. On June 20, 2005, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now seeks a stay of his petition pending exhaustion of his claims in state court. For the reasons set forth herein, petitioner's application is denied.

I.     BACKGROUND

On November 8, 1999, a judgment of conviction was entered against petitioner in the Supreme Court, Suffolk County (Copertino, J.), upon a jury verdict finding petitioner guilty of

1

kidnapping in the first degree in violation of N.Y. Penal Law § 135.25 and robbery in the first degree in violation of N.Y. Penal Law § 160.15, and imposition of sentence of an indeterminate term of imprisonment of twenty years to life on the kidnapping conviction, and a concurrent and determinate term of imprisonment of twenty years on the robbery conviction.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department on the grounds (1) that the lineup procedure used to identify petitioner was unduly suggestive; (2) that the evidence was legally insufficient and the verdict was against the weight of the evidence; (3) that the trial court improperly admitted evidence of a nearly identical crime previously perpetrated by the petitioner; (4) that petitioner's trial counsel was ineffective; and (5) that the sentence imposed was harsh and excessive. On April 12, 2004, the Appellate Division affirmed the judgment of conviction on the grounds that petitioner's claims were without merit. People v. Tejada, 6 A.D.3d 557, 774 N.Y.S.2d 385 (N.Y. App.Div. 2004). On July 8, 2004, the Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Tejada, 3 N.Y.3d 663, 782 N.Y.S.2d 705, 816 N.E.2d 578 (2004). Thus, petitioner's judgment of conviction became final on October 6, 2004, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court.

On or about June 20, 2005, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging (1) that he was mentally incapacitated during the course of the trial, which prevented him from understanding the proceedings and from accepting a plea deal with a lesser sentence; (2) that his trial counsel was ineffective; (3) that certain evidence submitted by Detective Ernest Borrelli should have been suppressed; (4) that Detective Borrelli

improperly testified about a prior shooting incident notwithstanding a pretrial ruling that such evidence should be suppressed; (5) that the sentence imposed was harsh and excessive; and (6) that he should have been charged with the lesser offense of unlawful imprisonment rather than with kidnapping.

Petitioner now moves for an order staying this proceeding and holding it in abeyance for ninety (90) days pending his exhaustion of the issue of his mental incapacity.

II. DISCUSSION

    A. The AEDPA

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Although the limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), the filing of a petition for habeas corpus relief in federal court does not toll the statute of limitations

prescribed by the AEDPA. Rhines v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Petitioner's judgment of conviction became final on October 6, 2004 and he had one year from that date, or until October 6, 2005, within which to file a petition for a writ of habeas corpus. Since petitioner has not established that any application for State post-conviction or other collateral review was pending at any time during that time period, he has not demonstrated that the one-year statute of limitations was tolled.

B. Exhaustion

The AEDPA requires that prior to bringing a petition for habeas corpus relief in federal court, a petitioner "exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Correctional Services, 235 F.3d 804, 808 (2d Cir.2000)(citation omitted, insertion in original). The exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed. 2d 64 (2004); see also Jones v. Keane, 329 F.3d 290, 294-295 (2d Cir. 2003). In cases involving petitions containing both exhausted and unexhausted claims, a federal district court may (1) stay the proceeding until such time as the petitioner has returned to state court and exhausted his previously unexhausted claims; (2) dismiss the "mixed" petition, without prejudice, until the claims have been exhausted in state court, unless the claims could not be raised following exhaustion pursuant to the one year statute of limitations prescribed by the

AEDPA; (3) give the petitioner an opportunity to withdraw the unexhausted claim or claims; or (4) deny the petition on the merits. Rhines, 544 U.S. 269, 125 S.Ct. at 1533-1535; Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003).

Since the one-year statute of limitations pursuant to the AEDPA has expired, the dismissal without prejudice option is not appropriate in this case. In Rhines, the Supreme Court held that the "stay and abeyance" option should be available only in limited circumstances, i.e. "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277, 125 S.Ct. 1528. Even when the petitioner has demonstrated good cause for his or her failure to exhaust, the district court should not grant a stay when the unexhausted claims are plainly meritless. Id.

1. Good Cause

Neither the Supreme Court nor any circuit court has defined what constitutes "good cause" for a failure to exhaust. The Supreme Court has addressed the issue only once, in Pace v. DiGuglielmo, holding that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. 408, 416-417, 125 S.Ct. 1807, 1813-1814, 161 L.Ed.2d 669 (2005). However, as petitioner does not allege that he tried in good faith to exhaust his state court remedies or that he was otherwise reasonably confused about a state filing requirement, that case is inapposite.

The majority of those lower courts which have considered the meaning of "good cause" have analogized it to "the requirement that a habeas petitioner demonstrate 'cause' to excuse other types of procedural defaults." Ramdeo v. Phillips, No. 04-CV-1157, 2006 WL 297462, at *

5 (E.D.N.Y. Feb. 8, 2006) (citing cases). Under this reasoning, "good cause" only arises "from an objective factor external to the petitioner which cannot fairly be attributed to him or her." Id. (internal quotations and citations omitted); see also Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999) (holding that in order to establish "cause" for a procedural default, the petitioner must show that some objective external factor impeded his ability to comply with the state's procedural rule). Even those courts which have rejected, either expressly or implicitly, the analogy between "good cause" for a failure to exhaust and "cause" for other types of procedural default, have found "good cause" only arising from external factors, not from conduct fairly attributable to the petitioner or from a petitioner's own tactical decisions. Ramdeo, 2006 WL 297462, at * 5-6 (citing cases).

Petitioner claims that his failure to exhaust his mental incapacity claim was "inadvertent[]" (Letter from petitioner to Honorable Sandra J. Feuerstein dated March 24, 2006 [3/24/06 Ltr.]) and that due to his mental illness, he "has only recently sought the help of a paralegal" to assist him. (Id.). Petitioner does not contend that his failure to exhaust his mental incapacity claim was the result of the ineffective assistance of his appellate counsel or some other external factor other than his claimed, albeit unsubstantiated, mental illness. Indeed, in his petition, petitioner indicates that he only "changed [his] mind [about the relevance of the unexhausted claims] since [his] appeal was affirmed." (Petition [Pet.], ¶ 13[a]). Even assuming, *arguendo*, that petitioner's unsubstantiated mental illness constitutes an objective external factor relevant to the issue of "good cause," petitioner's tactical decision to delay seeking any legal assistance, particularly in light of his purported mental illness, does not constitute "good cause." See, e.g. Knight v. Phillips, Nos. 05-CV-2749 and 05-CV-2758, slip op. at 2-3 (E.D.N.Y. Jan.

18, 2006) (finding that even though the petitioner's delay in filing his State post-conviction motion was the result of a prison law clerk's promise to assist him and, thus, was beyond his control, the petitioner's tactical decision to wait for legal assistance did not constitute "good cause"). Moreover, petitioner does not indicate what steps, if any, he has taken to date to exhaust his mental incapacity claim other than to seek the advice of a paralegal. Accordingly, petitioner's application for a stay and abeyance of his petition is denied.

Petitioner's third and fourth grounds for habeas relief, i.e. that certain evidence submitted by Borrelli should have been suppressed and that the admission of certain testimony of Borrelli was improper, and his claim that he was "overcharged" with the crime of kidnapping (Pet., ¶ 18), have also not been exhausted and petitioner does not claim that he is taking any steps to exhaust those claims. Accordingly, **within forty-five (45) days from the date of entry of ths Order** petitioner is directed to file an affidavit or declaration under oath withdrawing his unexhausted claims, i.e. grounds one, three and four, as well as his claim that he was "overcharged" with the crime of kidnapping, as a result of which he will forfeit any federal court review of those unexhausted claims. The Court will thereupon consider petitioner's exhausted claims, i.e. his ineffective assistance of counsel and harsh and excessive sentence claims. Petitioner's failure to comply with this Order will result in the entire petition being dismissed with prejudice. See Zarvela v. Artuz, 254 F.3d 374, 481 (2d Cir. 2001).

III.  CONCLUSION

Petitioner's application for a stay and abeyance of his petition is denied. Within forty-five (45) days after entry of this Order, petitioner is directed to file an affidavit or declaration under oath withdrawing his unexhausted claims in accordance with this Order or the petition is dismissed with prejudice.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July __, 2006
Central Islip, New York

Copies to:

Moises Tejada, *pro se*
00A1425
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821-0051

Suffolk County District Attorney's Office
200 Center Drive
Riverhead, New York 11901
Attn:   Rosalind C. Gray
        Assistant District Attorney