UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MOISES TEJADA,

                Petitioner,           **OPINION & ORDER**
                                                        CV-05-2961 (SJF)

-against-


SUFFOLK COUNTY,

                Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

      On November 8, 1999, a judgment of conviction was entered against petitioner Moises Tejada (petitioner) in the Supreme Court of the State of New York, Suffolk County (Copertino, J.), upon a jury verdict finding him guilty of kidnapping in the first degree (N.Y. Penal Law §135.25) and robbery in the first degree (N.Y. Penal Law §160.15) and imposition of sentence to an indeterminate term of imprisonment of twenty years to life on the kidnapping conviction, and a concurrent and determinate term of imprisonment of twenty years on the robbery conviction. On June 20, 2005, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated July 12, 2006, I denied petitioner's motion to stay his petition pending exhaustion of his claims in state court and directed petitioner to withdraw his unexhausted claims within forty-five (45) days from the date of that order or his petition would be dismissed with prejudice. Petitioner now moves for reconsideration of that order and for the appointment of counsel. For the reasons set forth herein, petitioner's motion is denied.

1

I. DISCUSSION

A. Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 (Local Rule 6.3), which requires, *inter alia*, that a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" be served within ten (10) days after the entry of the court's order determining the original motion. The requirements of Local Rule 6.3 are strictly construed. See, U.S. v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. U.S., No. 98 CV 5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000).

1. Timeliness of Motion

The order determining petitioner's motion for a stay was entered on July 20, 2006 and, therefore, any motion for reconsideration must have been served by July 30, 2006 pursuant to Local Rule 6.3. However, petitioner's motion is dated July 31, 2006 and was served on that date according to the affirmation of service. Accordingly, petitioner's motion is untimely pursuant to Local Rule 6.3.

2. Merits

In any event, petitioner's motion for reconsideration is denied on the merits. In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear

error or prevent manifest injustice. Gross, 2002 WL 32096592, at * 3. A party may not use a motion to reconsider as an opportunity to reargue the same points previously raised; to advance new arguments, which are deemed waived; or to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence. Gross, 2002 WL 32096592, at * 4; PAB Aviation, 2000 WL 1240196, at * 1. The purpose of a motion to reconsider is to allow the court to correct its own mistake, by calling to its attention a factual matter or a controlling precedent previously advanced by the parties, but overlooked by the court. PAB Aviation, 2000 WL 1240186, at * 1; Construction Industry Services Corp. v. Hanover Ins. Co., 206 F.R.D. 43, 54 (E.D.N.Y. 2002). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Gross, 2002 WL 32096592, at * 4.

Plaintiff does not contend that there has been an intervening change of controlling law and does not present any new evidence *that was not available on the original motion*. Rather, plaintiff merely reiterates his request to hold his petition in abeyance and advances the same grounds as on the prior motion. The exhibits plaintiff now provides in support of his position are all dated between 1998 and 2000 and, thus, were available and should have been submitted on the original motion. Accordingly, plaintiff's motion for reconsideration is denied.

However, given that plaintiff's motion was filed within the forty-five (45) day period I gave him to withdraw his unexhausted claims, plaintiff's time within which to file the affidavit or declaration under oath withdrawing his unexhausted claims in accordance with the prior Order is extended until thirty (30) days from the date of this order.

B. Application for Appointment of Counsel

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotations and citation omitted). Rather, the appointment of counsel in habeas corpus proceedings is governed by 18 U.S.C. § 3006A(a)(2)(B) which provides, in pertinent part, that whenever the district court "determines that the interests of justice so require, representation may be provided for any financially eligible person who—* * * is seeking relief under section * * * 2254 * * * of title 28." Although Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the Habeas Corpus Rules) provide that an attorney must be appointed for a petitioner who otherwise qualifies to have counsel appointed under § 3006A "[i]f necessary for effective discovery," and "[i]f an evidentiary hearing is warranted," respectively, the appointment of counsel at any other stage of a habeas corpus proceeding is discretionary. See Cruz v. Smith, No. 05 Civ. 10703, 2007 WL 80865, at *1 (S.D.N.Y. Jan. 10, 2007); Curry v. People of State of New York, No. 04 CV 1263, 2005 WL 486845, at * 5 (E.D.N.Y. Jan. 4, 2005).

A request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases. See, Curry, 2005 WL 486845, at *5. When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the threshold inquiry is whether there is substance to the litigant's position. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)(holding that the district judge should first determine whether the indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of

4

prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that the plaintiff's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that only after an initial finding that a claim is likely one of substance should the court consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute). However, those factors are not restrictive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92 CV 1508, 1992 WL 320402 * 3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on the failure of the pleadings to satisfy the threshold requirement of a likelihood of merit).

Although plaintiff states in his notice of motion that he seeks the appointment of counsel, he fails to set forth any grounds for such relief in his affirmation in support of his motion. In any event, I find that the appointment of counsel is not warranted at this stage of the litigation, since, *inter alia*,(1) the majority of plaintiff's claims are unexhausted and, thus, are without merit and must be withdrawn or the entire petition is dismissed; (2) plaintiff has adequately and

5

competently set forth his exhausted claims in his petition; (3) plaintiff appears capable of preparing and presenting his case with the help of "an inmate law clerk," who has previously helped him prepare and file papers in this case; (3) the legal issues presented in this case do not appear to be particularly complex; and (4) there is no special reason to appoint counsel at this time.

III. CONCLUSION

Plaintiff's motion for reconsideration of the July 12, 2006 order and for the appointment of counsel is denied. Within thirty (30) days after entry of this Order, petitioner is directed to file an affidavit or declaration under oath withdrawing his unexhausted claims in accordance with the prior order or his petition is dismissed in its entirety with prejudice.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 9, 2007
Central Islip, New York

Copies to:

Moises Tejada, *pro se*
00A1425
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821-0051

Suffolk County District Attorney's Offfice

200 Center Drive
Riverhead, New York 11901
Attn:   Rosalind C. Gray
        Assistant District Attorney